**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50473 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-00502-H-1 |
| v. | |
| FRANCISCO GUTIERREZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted October 17, 2016[**]
Pasadena, California

Before: TALLMAN and CHRISTEN, Circuit Judges, and KENNELLY,[***] District
Judge.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Matthew F. Kennelly, United States District Judge for
the Northern District of Illinois, sitting by designation.

Francisco Gutierrez appeals the district court's order denying his motion to suppress evidence of a firearm and ammunition seized after a warrantless search of his residence. We review de novo the district court's decision whether to suppress evidence and review for clear error the district court's factual findings supporting its conclusion. *United States v. Grandberry*, 730 F.3d 968, 970–71 (9th Cir. 2013). We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's order.

**1.** Officers may conduct a warrantless search if a parolee is subject to a warrantless search provision and the officers have probable cause to believe the parolee lives at the address to be searched. *Grandberry*, 730 F.3d at 973. "[P]robable cause as to residence exists if an officer of 'reasonable caution' would believe, 'based on the totality of [the] circumstances,' that the parolee lives at a particular residence." *Id.* at 975 (quoting *United States v. Diaz*, 491 F.3d 1074, 1077–78 (9th Cir. 2007)).

**2.** Gutierrez was subject to a warrantless search provision. The district court properly considered the totality of the circumstances in denying his motion to suppress. It reasonably concluded that an officer of reasonable caution would believe that Gutierrez, a parolee at large, lived at the apartment in question. Specifically, the court noted that (1) officers directly observed Gutierrez leaving

2

the apartment early in the morning to take three children to day care (2) officers obtained GPS data placing Gutierrez's cell phone in the apartment and (3) Gutierrez's girlfriend told officers that she and Gutierrez had lived together in the apartment for several months—and then provided law enforcement with a key to that apartment. In light of the analysis discussed in *Grandberry*, and viewing the evidence "cumulatively rather than independently[,]" this is sufficient to establish probable cause at the time of the search. *Id.* at 976.

**AFFIRMED.**